UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 25-24712-CIV-MORENO**

TOHO CO., LTD.,

    Plaintiff,

vs.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,

    Defendants.
_____/

## ORDER DENYING MOTION TO SEAL

THIS CAUSE came before the Court upon Plaintiff's Sealed Ex Parte Motion (ECF 6) filed on December 11, 2025.

THE COURT has considered the motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED with leave to refile on the open docket. "'Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g., Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). There is a "general presumption that criminal and civil actions should be conducted publicly." *FTC v. Abbvie Prods., LLC*, 713 F.3d 54, 62 (11th Cir. 2013)(quoting *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). To overcome the presumption in favor of access, the Court must examine whether Plaintiff has shown good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). This requires the Court

2

to "balance[] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). "Whether good cause exists is decided by the character and nature of the information in question." *Id.* (quoting *Chi. Tribune*, 263 F.3d at 1315). In this case, Plaintiff does not meet its burden to establish good cause why the Court should seal the motion. The Court, however, grants Plaintiff leave to file the motion on the open docket.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st of January 2026.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record